## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., a Japanese corporation, and RICOH AMERICAS CORPORATION, a Delaware corporation, | )<br>)<br>)<br>) |
| Plaintiffs, | ) C.A. No. _____<br>) |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| OKI DATA CORPORATION, a Japanese corporation, and OKI DATA AMERICAS, INC., a Delaware corporation, | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs RICOH COMPANY, LTD. and RICOH AMERICAS CORPORATION (collectively "Ricoh"), by and through its undersigned attorneys, allege as follows:

### JURISDICTION

1. This is an action for patent infringement. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101 *et seq*.

### VENUE

2. Venue properly lies within the District of Delaware pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c) and (d) and 28 U.S.C. § 1400(b). Further, Defendants OKI DATA CORPORATION and OKI DATA AMERICAS, INC. (collectively "Defendants" and separately "Defendant") conduct substantial business in this district and have committed and continue to commit acts of infringement in this district.

3. This Court has personal jurisdiction over Defendants because Defendants transact business, including the sale and offering for sale of their products, in the District of Delaware

and have sufficient contacts with this judicial district to subject Defendants to personal jurisdiction.

## THE PARTIES

4. RICOH COMPANY, LTD. is a Japanese corporation with its principal place of business in Tokyo, Japan.

5. RICOH AMERICAS CORPORATION is a corporation incorporated and existing under the laws of the State of Delaware.

6. Ricoh is informed and believes that defendant OKI DATA CORPORATION is a Japanese corporation with its principal place of business in Tokyo, Japan. Ricoh is informed and believes that OKI DATA CORPORATION transacts business, including the sale and offering for sale of its products, in the District of Delaware and has sufficient contacts with this judicial district to subject OKI DATA CORPORATION to personal jurisdiction.

7. Ricoh is informed and believes that defendant OKI DATA AMERICAS, INC. is a corporation incorporated and existing under the laws of the State of Delaware and is, therefore, a resident of the State of Delaware for purposes of personal jurisdiction. Ricoh is informed and believes that OKI DATA AMERICAS, INC. transacts business, including the sale and offering for sale of its products, in the District of Delaware and has sufficient contacts with this judicial district to subject OKI DATA AMERICAS, INC. to personal jurisdiction.

8. Ricoh is informed and believes that, at all relevant times, each Defendant was acting as the agent of the other Defendant, except as otherwise noted, and was at all relevant times acting within the course and scope of such agency.

9. On information and belief, Defendants are global suppliers of printing and imaging devices for home and business use. Defendants market and sell their products

worldwide through their retail business partners and through various retail companies, as well as through their own website.

## FACTUAL BACKGROUND

10. Ricoh designs and develops printing and imaging devices and digital office equipment, including multifunction printers ("MFPs"), copiers, printers, facsimile systems, scanners, digital duplicators, wide format copiers, office management software, and digital cameras.

11. Ricoh is informed and believes that Defendants import into the United States and/or make, use, sell, and offer for sale in the United States printing and imaging devices, including but not limited to MFPs, color LED printers, and components of those products, including image drums and fuser units (collectively and/or individually the "Accused Products"). Defendants' current lineup of infringing printing and imaging devices includes but is not limited to the Oki C3530n.

12. On June 9, 1998, United States Patent No. 5,764,866 ("the '866 Patent") duly and legally issued to RICOH COMPANY, LTD. The '866 Patent is entitled "Scanner, Network Scanner System, and Method for Network Scanner System." A copy of the '866 Patent is attached as Exhibit A.

13. On May 14, 2002, United States Patent No. 6,388,771 ("the '771 Patent") duly and legally issued to RICOH COMPANY, LTD. The '771 Patent is entitled "Image Input Device for Sending Image Data Together with Information Indicating Contents of Desired Operation to be Performed on the Image Data." A copy of the '771 Patent is attached as Exhibit B.

14. On March 27, 2001, United States Patent No. 6,209,048 ("the '048 Patent") duly and legally issued to RICOH COMPANY, LTD. The '048 Patent is entitled "Peripheral with Integrated HTTP Server for Remote Access Using URL's." A copy of the '048 Patent is attached hereto as Exhibit C.

15. On April 3, 2001, United States Patent No. 6,212,343 ("the '343 Patent") duly and legally issued to RICOH COMPANY, LTD. The '343 Patent is entitled "Developing Device, Process Cartridge and Image Forming Apparatus that Prevent Toner Leakage." A copy of the '343 Patent is attached hereto as Exhibit D.

16. On January 26, 1999, United States Patent No. 5,863,690 ("the '690 Patent") duly and legally issued to RICOH COMPANY, LTD. The '690 Patent is entitled "Toner Image Fixing Method." A copy of the '690 Patent is attached hereto as Exhibit E.

17. RICOH COMPANY, LTD. is the assignee and owner of all right, title and interest in and to the '866 Patent, the '771 Patent, the '048 Patent, the '343 Patent and the '690 Patent (collectively "the Asserted Patents") and has the right to bring this suit for damages and injunctive relief.

18. In 2001, RICOH COMPANY, LTD. and OKI DATA CORPORATION entered into a limited patent license agreement, the terms of which are confidential. In 2006, the agreement expired and RICOH COMPANY, LTD. and OKI DATA CORPORATION began negotiating for the renewal of that agreement. Because the parties could not reach an agreement on the terms for renewal of that agreement, the negotiations ceased in 2009.

## COUNT ONE

### Infringement of the '866 Patent

19. Ricoh incorporates by reference the allegations in paragraphs 1 through 18 above.

20. Ricoh is informed and believes that Defendants, without authority, have directly infringed and continue to directly infringe, under 35 U.S.C. § 271(a), the '866 Patent at least by importing, selling, offering for sale and/or using within the United States the Accused Products, specifically including but not limited to the Oki C3530n.

21. Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce infringement, under 35 U.S.C. § 271(b), at least by intentionally causing others (including but not limited to the other Defendant) to directly infringe the '866 Patent at least by importing, selling, offering for sale and/or using within the United States the Accused Products, specifically including but not limited to the Oki C3530n.

22. Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce others (including but not limited to the other Defendant), under 35 U.S.C. § 271(b), to directly infringe the '866 Patent at least by intentionally instructing others (including but not limited to the other Defendant) how to use the Accused Products, specifically including but not limited to the Oki C3530n.

23. Ricoh is informed and believes that each Defendant, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States Accused Products, specifically including but not limited to the Oki C3530n, that (1) constitute a material part of the invention of the '866 Patent, (2) each Defendant knows to be especially adapted for use in infringing the '866 Patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '866 Patent.

24. Defendants had actual notice of infringement of the '866 Patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendants of the '866 Patent under 35 U.S.C. § 287.

25. Ricoh has been irreparably harmed by these acts of infringement and will continue to be harmed unless Defendants' further acts of infringement are restrained and enjoined by order of this Court. Ricoh has no adequate remedy at law.

26. As result of Defendants' infringement of the '866 Patent, Ricoh has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWO

### Infringement of the '771 Patent

27. Ricoh incorporates by reference the allegations in paragraphs 1 through 26 above.

28. Ricoh is informed and believes that Defendants, without authority, have directly infringed and continue to directly infringe, under 35 U.S.C. § 271(a), the '771 Patent at least by importing, selling, offering for sale and/or using within the United States the Accused Products, specifically including but not limited to the Oki C3530n.

29. Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce infringement, under 35 U.S.C. § 271(b), at least by intentionally causing others (including but not limited to the other Defendant) to directly infringe the '771 Patent at least by importing, selling, offering for sale and/or using within the United States the Accused Products, specifically including but not limited to the Oki C3530n.

30. Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce others (including but not limited to the other Defendant), under 35 U.S.C. § 271(b), to directly infringe the '771 Patent at least by

intentionally instructing others (including but not limited to the other Defendant) how to use the Accused Products, specifically including but not limited to the Oki C3530n.

31. Ricoh is informed and believes that each Defendant, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States Accused Products, specifically including but not limited to the Oki C3530n, that (1) constitute a material part of the invention of the '771 Patent, (2) each Defendant knows to be especially adapted for use in infringing the '771 Patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '771 Patent.

32. Defendants had actual notice of infringement of the '771 Patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendants of the '771 Patent under 35 U.S.C. § 287.

33. Ricoh has been irreparably harmed by these acts of infringement and will continue to be harmed unless Defendants' further acts of infringement are enjoined and restrained by order of this Court. Ricoh has no adequate remedy at law.

34. As result of Defendants' infringement of the '771 Patent, Ricoh has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT THREE

### Infringement of the '048 Patent

35. Ricoh incorporates by reference the allegations in paragraphs 1 through 34 above.

36. Ricoh is informed and believes that Defendants, without authority, have directly infringed and continue to directly infringe, under 35 U.S.C. § 271(a), the '048 Patent at least by

importing, selling, offering for sale and/or using within the United States the Accused Products, specifically including but not limited to the Oki C3530n.

37. Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce infringement, under 35 U.S.C. § 271(b), at least by intentionally causing others (including but not limited to the other Defendant) to directly infringe the '048 Patent at least by importing, selling, offering for sale and/or using within the United States the Accused Products, specifically including but not limited to the Oki C3530n.

38. Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce others (including but not limited to the other Defendant), under 35 U.S.C. § 271(b), to directly infringe the '048 Patent at least by intentionally instructing others (including but not limited to the other Defendant) how to use the Accused Products, specifically including but not limited to the Oki C3530n.

39. Ricoh is informed and believes that each Defendant, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States Accused Products, specifically including but not limited to the Oki C3530n, that (1) constitute a material part of the invention of the '048 Patent, (2) each Defendant knows to be especially adapted for use in infringing the '048 Patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '048 Patent.

40. Defendants had actual notice of infringement of the '048 Patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendants of the '048 Patent under 35 U.S.C. § 287.

41.  Ricoh has been irreparably harmed by these acts of infringement and will continue to be harmed unless Defendants' further acts of infringement are enjoined and restrained by order of this Court. Ricoh has no adequate remedy at law.

42.  As result of Defendants' infringement of the '048 Patent, Ricoh has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT FOUR

### Infringement of the '343 Patent

43.  Ricoh incorporates by reference the allegations in paragraphs 1 through 42 above.

44.  Ricoh is informed and believes that Defendants, without authority, have directly infringed and continue to directly infringe, under 35 U.S.C. § 271(a), the '343 Patent at least by importing, selling, offering for sale and/or using within the United States the Accused Products, specifically including but not limited to the Oki C3530n, including its corresponding image drums.

45.  Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce infringement, under 35 U.S.C. § 271(b), at least by intentionally causing others (including but not limited to the other Defendant) to directly infringe the '343 Patent at least by importing, selling, offering for sale and/or using within the United States the Accused Products, specifically including but not limited to the Oki C3530n and its corresponding image drums.

46.  Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce others (including but not limited to the other Defendant), under 35 U.S.C. § 271(b), to directly infringe the '343 Patent at least by

intentionally instructing others (including but not limited to the other Defendant) how to use the Accused Products, specifically including but not limited to the Oki C3530n.

47. Ricoh is informed and believes that each Defendant, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States Accused Products, specifically including but not limited to the Oki C3530n and its corresponding image drums, that (1) constitute a material part of the invention of the '343 Patent, (2) each Defendant knows to be especially adapted for use in infringing the '343 Patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '343 Patent.

48. Defendants had actual notice of infringement of the '343 Patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendants of the '343 Patent under 35 U.S.C. § 287.

49. Ricoh has been irreparably harmed by these acts of infringement and will continue to be harmed unless Defendants' further acts of infringement are enjoined and restrained by order of this Court. Ricoh has no adequate remedy at law.

50. As result of Defendants' infringement of the '343 Patent, Ricoh has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT FIVE

### Infringement of the '690 Patent

51. Ricoh incorporates by reference the allegations in paragraphs 1 through 50 above.

52. Ricoh is informed and believes that Defendants, without authority, have directly infringed and continue to directly infringe, under 35 U.S.C. § 271(a), the '690 Patent at least by

importing, selling, offering for sale and/or using within the United States the Accused Products, specifically including but not limited to the Oki C3530n and its corresponding fuser units.

53. Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce infringement, under 35 U.S.C. § 271(b), at least by intentionally causing others (including but not limited to the other Defendant) to directly infringe the '690 Patent at least by importing, selling, offering for sale and/or using within the United States the Accused Products, specifically including but not limited to the Oki C3530n and its corresponding fuser units.

54. Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce others (including but not limited to the other Defendant), under 35 U.S.C. § 271(b), to directly infringe the '690 Patent at least by intentionally instructing others (including but not limited to the other Defendant) how to use the Accused Products, specifically including but not limited to the Oki C3530n and its corresponding fuser units.

55. Ricoh is informed and believes that each Defendant, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States Accused Products, specifically including but not limited to the Oki C3530n, that (1) constitute a material part of the invention of the '690 Patent, (2) each Defendant knows to be especially adapted for use in infringing the '690 Patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '690 Patent.

56.    Defendants had actual notice of infringement of the '690 Patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendants of the '690 Patent under 35 U.S.C. § 287.

57.    Ricoh has been irreparably harmed by these acts of infringement and will continue to be harmed unless Defendants' further acts of infringement are enjoined and restrained by order of this Court. Ricoh has no adequate remedy at law.

58.    As result of Defendants' infringement of the '690 Patent, Ricoh has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Ricoh prays for judgment:

1.    That RICOH COMPANY, LTD. be adjudged the owner of the Asserted Patents and entitled to all rights of recovery thereunder, and that the Asserted Patents are valid and enforceable;

2.    That Defendants be adjudged to have directly infringed, induced infringement and contributed to infringement of the Asserted Patents;

3.    That Defendants and their officers, principals, agents, attorneys, servants, employees and all others in active concert or participation with them, and their successors and assigns, be enjoined by preliminary and permanent injunction from infringement, inducement of infringement, and contributory infringement of the Asserted Patents, including but not limited to making, using, importing, offering to sell and selling the Accused Products;

4.    That Ricoh be awarded damages under 35 U.S.C. § 284, adequate to compensate it for Defendants' infringement of the Asserted Patents in an amount to be proven at trial, together with interest and costs as fixed by the Court;

5. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Ricoh be awarded the attorneys' fees, costs, and expenses that it incurs prosecuting this action;

6. That Ricoh be awarded prejudgment interest; and

7. For such other and further equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs RICOH COMPANY, LTD., and RICOH AMERICAS CORPORATION hereby demand a trial by jury.

OF COUNSEL:

John Allcock
Sean C. Cunningham
Edward H. Sikorski
Stanley J. Panikowski
Brian M. Fogarty
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2900
Fax: (619) 699-2701

Dated: September 18, 2009
933561 / 34802

POTTER ANDERSON & CORROON LLP

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs Ricoh Company, Ltd. and Ricoh Americas Corporation*