IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD. and<br>RICOH AMERICAS CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-695-SLR |
| | ) | |
| OKI DATA CORPORATION and<br>OKI DATA AMERICAS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OKI DATA CORPORATION'S AND OKI DATA AMERICAS, INC.'S OPENING BRIEF
IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

*Of Counsel*:
Takaaki Nagashima
Marc R. Labgold
NAGASHIMA & HASHIMOTO
Hirakawa-cho KS Bldg., 2nd Floor
2-4-14 Hirakawa-cho, Chiyoda-ku
Tokyo 102-0093 Japan

YOUNG CONAWAY STARGATT
   & TAYLOR, LLP
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com
jcastellano@ycst.com

*Attorneys for Oki Data Corporation
and Oki Data Americas, Inc.*

Dated: October 24, 2011

## **TABLE OF CONTENTS**

**Page No.**

NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

SUMMARY OF ARGUMENT ........................................................................................ 2

STATEMENT OF FACTS .............................................................................................. 3

ARGUMENT .................................................................................................................. 5

I.      General Pleading Standards ................................................................................ 5

II.     Pleading Indirect Infringement Requires Facts Showing Knowledge ............... 5

III.    Ricoh's Allegations Of Indirect Infringement Fail To State A Claim ............... 9

CONCLUSION ............................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>CASES</u>

*Anticancer Inc. v. Xenogen Corp.,*
    248 F.R.D. 278 (S.D. Cal. 2007) ..................................................................................9

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S. Ct. 1937 (2009)........................................................................5, 7

*Bell Atlantic v. Twombly,*
    550 U.S. 544 (2007)...................................................................................................5, 7

*Broadcom Corp. v. Qualcomm Inc.,*
    543 F.3d 683 (Fed. Cir. 2008).......................................................................................6

*Elan Microelectronics Corp. v. Apple, Inc.,*
    C.A. No. 09-01531 RS, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009)...................8

*Eon Corp. IP Holdings LLC v. FLO TV Inc.,*
    C.A. No. 10-812-SLR, 2011 WL 2708945 (D. Del. July 12, 2011)...................6, 7, 9

*Global-Tech Appliances, Inc. v. SEB S.A.,*
    131 S. Ct. 2060 (2011)..........................................................................................6, 7, 8

*Lucent Techs. v. Gateway, Inc.,*
    580 F.3d 1301 (Fed. Cir. 2009).....................................................................................6

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC,*
    C.A. No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011)................7, 8, 9, 10

*Performance Aftermarket Parts Group, Ltd. v. TI Group Auto. Sys., LLC,*
    C.A. No. H-05-4251, 2007 WL 2818269 (S.D. Tex. Sept. 25, 2007) .......................9

*SanDisk Corp. v. STMicroelectronics, Inc.,*
    480 F.3d 1372 (Fed. Cir. 2007).....................................................................................2

*Xpoint Techs., Inc. v. Microsoft Corp.,*
    730 F. Supp. 2d 349 (D. Del. 2010)...................................................................... passim

<u>STATUTES</u>

28 U.S.C. § 1659............................................................................................................1

35 U.S.C. § 271...................................................................................................... passim

35 U.S.C. § 287.............................................................................................................4

<u>**RULES**</u>

Fed. R. Civ. P. 8(a) .......................................................................................................5

Fed. R. Civ. P. 12(b)(6).................................................................................................5

Defendants Oki Data Corporation and Oki Data Americas, Inc. (together, "Oki Data") submit this opening brief in support of their motion to dismiss the indirect infringement allegations of plaintiffs Ricoh Company, Ltd. and Ricoh Americas Corporation (together, "Ricoh").

## NATURE AND STAGE OF THE PROCEEDINGS

Ricoh filed this case on September 18, 2009, alleging infringement by Oki Data of five of Ricoh's patents: U.S. Patent Nos. 5,764,866, 6,388,771, 6,209,048, 6,212,343, and 5,863,690. (D.I. 1 at ¶¶ 20-24, 28-32, 36-40, 44-48, 52-56). On the same day, Ricoh filed a complaint with the U.S. International Trade Commission alleging infringement of the same five patents. On November 18, 2009, Oki Data moved to stay this case pending the final determination of the ITC, pursuant to 28 U.S.C. § 1659. (D.I. 6). The Court granted Oki Data's motion on November 19, 2009.

Following a hearing before an ITC administrative law judge and extensive post-hearing briefing by the parties, the ITC ruled in Oki Data's favor on all five patents on February 1, 2011. The parties jointly moved to lift the stay in this case on September 23, 2011, and attached a proposed schedule to their joint motion. (D.I. 23). The Court granted the parties' motion on September 27, 2011 (D.I. 24), lifting the stay. A teleconference with the Court was held on October 13, 2011. No schedule was set at that time, but the parties continued to negotiate toward a schedule, as instructed by the Court.

During their negotiation toward a case schedule, the parties discussed Ricoh's amendment of its indirect infringement allegations. (*See, e.g.*, Exh. A). In response to inquiries by Oki Data's counsel, Ricoh's counsel stated that Ricoh would amend its complaint to remedy deficiencies in its indirect infringement allegations. However, the date by which Ricoh agreed to amend its complaint, September 29, 2011 (D.I. 23) passed without amendment. Ricoh

subsequently agreed to a draft Scheduling Order in connection with the October 13 Scheduling
Conference (Exh. B at B1, B3); that Scheduling Order included an October 20, 2011 date for
amendment (*id.* at B6), but again, this date passed without any amendment by Ricoh. Then, on
October 21, 2011, counsel for Ricoh informed Oki Data's counsel that Ricoh would delay its
amended complaint until as late as the end of November but did not suggest that any such
amendment would include revision of the indirect infringement allegations. (Exh. C at C1).

    In the meantime, Ricoh had proposed and negotiated an expedited discovery schedule on
the premise that Ricoh would continue to assert the same five patents here that it asserted at the
ITC. Only after securing Oki Data's agreement to the schedule did Ricoh reveal that it was
changing the patents in the case. As October 20 – the second date by which Ricoh had agreed to
serve its amended complaint – passed, Ricoh revealed nothing. Then, early the next morning,
Ricoh for the first time revealed which of the ITC patents it would assert.[1]

    Without a clear indication of when or if Ricoh intends to amend its complaint or what any
amended allegations of indirect infringement might look like, Oki Data now moves to dismiss
Ricoh's indirect infringement allegations (D.I. 1 at ¶¶ 21-24, 29-32, 37-40, 45-48, 53-56).

## SUMMARY OF ARGUMENT

    1.    In order to state a claim for indirect infringement, a plaintiff must plead facts
establishing knowledge of infringement and, in the case of inducement, specific intent to cause
infringement.

---

[1]    Specifically, the October 21 email from Ricoh's counsel stated that "Ricoh will not be
asserting the 866 and 771 patents in the -695 case." (Exh. C at C1). Ricoh, however, has taken
no steps to dismiss its claims of infringement, and its bare statement does not eliminate a case or
controversy between the parties as to these patents. *SanDisk Corp. v. STMicroelectronics, Inc.*,
480 F.3d 1372, 1383 (Fed. Cir. 2007) ("[patent holder's] statement that it does not intend to sue
does not moot the actual controversy created by its acts.").

2.      Ricoh's assertions that Oki Data has infringed Ricoh's patents by inducement and contributory infringement are not supported by any factual allegations that would, if true, establish the elements of these claims.  As such, Ricoh's complaint fails to state a claim for indirect infringement.

## STATEMENT OF FACTS

Ricoh's complaint in this case asserts direct and indirect infringement of five U.S. patents.  The assertions of indirect infringement in Ricoh's complaint are unsupported by factual allegations and are, in the case of the contributory infringement paragraphs, simply statutory language re-cast as "facts."  Nowhere in Ricoh's complaint are there factual allegations establishing the knowledge or intent required to state claims for inducement and contributory infringement.

Ricoh's allegations of inducement are repeated for each patent in the following form:

Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce infringement, under 35 U.S.C. § 271(b), at least by intentionally causing others (including but not limited to the other Defendant) to directly infringe the [Ricoh] Patent at least by importing, selling, offering for sale and/or using within the United States the Accused Products, specifically including but not limited to the Oki C3530n[2]

Ricoh is informed and believes that each Defendant, without authority, has actively induced and continues to actively induce others (including but not limited to the other Defendant), under 35 U.S.C. § 271(b), to directly infringe the [Ricoh] Patent at least by intentionally instructing others (including but not limited to the other Defendant) how to use the Accused Products, specifically including but not limited to the Oki C3530n. [3]

---

2       The corresponding allegation for the '343 Patent adds "including its corresponding image drums" to the end of this sentence.  The corresponding allegation for the '690 Patent adds "and its corresponding fuser units" to the end of this sentence.

3       The corresponding allegation for the '343 Patent adds "including its corresponding image drums" to the end of this sentence.  The corresponding allegation for the '690 Patent adds "and its corresponding fuser units" to the end of this sentence.

(D.I. 1 at ¶¶ 21-22, 29-30, 37-38, 45-46, 53-54). Ricoh does not allege any facts that support its "information and belief." Most importantly, Ricoh does not allege facts that would, if true, establish Oki Data's knowledge of the Ricoh patents or specific intent to cause infringement thereof.

> Ricoh's allegations of contributory infringement are similarly deficient:

> Ricoh is informed and believes that each Defendant, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States Accused Products, specifically including but not limited to the Oki C3530n[4], that (1) constitute a material part of the invention of the [Ricoh] Patent, (2) each Defendant knows to be especially adapted for use in infringing the [Ricoh] Patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the [Ricoh] Patent.

(D.I. 1 at ¶¶ 23, 31, 39, 47, 55). Again Ricoh fails to allege any specific facts regarding Oki Data's knowledge of the Ricoh patent or infringement thereof. Moreover, Ricoh has not alleged any facts showing that the C3530n is a "material part" of the invention of any Ricoh patent.

> Finally, Ricoh makes the following form allegation related to Oki Data's knowledge of infringement of the asserted patents:

> Defendants had actual notice of infringement of the [Ricoh] Patent[s] before the filing of this complaint. The filing of this complaint also constitutes notice to Defendants of the [Ricoh] Patent[s] under 35 U.S.C. § 287.

(D.I. 1 at ¶¶ 24, 32, 40, 48, 56). The entirety of Ricoh's allegation related to Oki Data's pre-filing knowledge of the Ricoh patents is contained in the quoted sentences. No further detail or factual support can be found in Ricoh's complaint.

---

[4]    The corresponding allegation for the '343 Patent adds "and its corresponding image drums" here.

## ARGUMENT

### I.      General Pleading Standards

Rule 8(a) of the Federal Rules of Civil Procedure requires that the plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" If a complaint does not meet this standard, a defendant may move to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

In *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified the standard for determining whether a party has pleaded sufficient facts to properly state a claim for relief under Rule 8(a). *Twombly* states that Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3. The Court held that while "a complaint . . . does not need detailed factual allegations," Rule 8(a) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555.

Subsequently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court held that "legal conclusions" amounting to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not constitute factual allegations and do not alone state a claim for relief. *Id.*, 129 S. Ct. at 1949. This is because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Furthermore, the Court held that "well-pleaded factual allegations," apart from legal conclusions, must "plausibly give rise to an entitlement to relief." *Id.*, 129 S. Ct. at 1950.

### II.     Pleading Indirect Infringement Requires Facts Showing Knowledge

Both inducement and contributory infringement require knowledge on the part of the alleged infringer. *See Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, at 356-57 (D. Del. 2010) ("for a claim of indirect infringement (both contributory infringement and

inducement), a plaintiff's complaint must sufficiently plead that 'the alleged infringer knew or should have known [its] actions would induce actual infringement,' which 'necessarily includes the requirement that [the alleged infringer] knew of the patent' at the time it was committing the allegedly infringing activities.") (quotations omitted); *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, C.A. No. 10-812-SLR, 2011 WL 2708945, at *3-4 (D. Del. July 12, 2011) ("[A] complaint stating a claim for inducement must allege the requisite knowledge and intent. . . . [A]n allegation of contributory infringement must also plead requisite knowledge of the patent-in-suit at the time of infringement.").

To demonstrate inducement of infringement, "the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697 (Fed. Cir. 2008) (citations omitted). *See also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement.").

In order to be liable for contributory infringement, an infringer must sell, offer to sell or import into the United States a component of an infringing product "knowing [the component] to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." 35 U.S.C. § 271(c). *See Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009).

The standard to plead knowledge of the patents-in-suit in both instances is high. For example, "deliberate indifference to a known risk that a patent exists is not the appropriate standard[.]" *Global-Tech Appliances*, 131 S. Ct. at 2068. Rather, the patent-holder must plead

6

and prove knowledge at the level of willful blindness. *Id.* "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.* at 2070-71. Under *Iqbal* and *Twombly*, the well-pleaded complaint must contain non-conclusory, well-pleaded factual allegations that plausibly demonstrate entitlement to relief under these standards.

Faced with indirect infringement allegations that do not sufficiently allege the factual underpinnings of the legal claims, this Court has dismissed those allegations. *See, e.g., Eon Corp.*, 2011 WL 2708945, at *6; *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, C.A. No. 10-666-SLR, 2011 WL 941197, at *4 (D. Del. Mar. 16, 2011); *Xpoint*, 730 F. Supp. 2d at 358.

In *Minkus*, this Court dismissed indirect infringement allegations on the grounds that "plaintiff failed to plead facts sufficient to plausibly demonstrate defendants' knowledge of the '174 patent." *Minkus*, 2011 WL 941197, at *3. The allegations at issue in *Minkus* were almost identical to Ricoh's allegations here:

> On information and belief, Defendant ADT, without authority, has actively induced has induced and continues to induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.
> ***
> On information and belief, Defendant ADT, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant ADT knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

*Id.* at *1. The Court noted that, like Ricoh's allegation here, "[p]laintiff's allegations of knowledge were merely that '[d]efendant[s] [] had actual notice of infringement of the '174

patent before the filing of this complaint' and that, for contributory infringement, [the]

defendants make, use, sell, or import components [that the] '[d]efendant[s] know to be especially

adapted for use in infringing the '174 patent.'" *Id.* at *3. The Court, quoting the *Xpoint* case,

held that "'plaintiff at bar fails to allege sufficient facts that would allow the court to infer that

[defendants] had any knowledge of the ['174] patent at the time they were committing the

allegedly infringing activities. Instead, it resorts to a mere recitation of the elements for indirect

infringement, which is insufficient." *Id.* Because the plaintiffs' complaint lacked specific

factual allegations of knowledge, "its statements of defendants' knowledge [were] insufficient to

state a claim[,]" *id.*, even under the lower knowledge standards in existence before *Global-Tech.*

In *Xpoint*, another decision that pre-dates the willful blindness standard in *Global-Tech*,

the plaintiff alleged that the defendants indirectly infringed the patent-in-suit by "aiding,

abetting, and contributing to, and actively inducing infringement of the '028 patent." *Xpoint*,

730 F. Supp. 2d at 351-52. Additionally, the complaint alleged that "[a]t all relevant times,

Defendants have had actual and constructive notice that their conduct infringed on the claims of

the [patent] but nevertheless continued their infringing conduct." *Id.* at 352. The Court

dismissed the indirect infringement claims and held that the plaintiffs had "fail[ed] to allege

sufficient facts that would allow the court to infer that [defendants] had any knowledge of the

[patent] at the time they were committing the allegedly infringing activities." *Id.* at 357. The

Court also held that "knowledge after filing of the present action is not sufficient for pleading the

requisite knowledge for indirect infringement." *Id.*

Other courts have also dismissed indirect infringement claims that are not supported by

the well-pleaded facts. *See, e.g., Elan Microelectronics Corp. v. Apple, Inc.*, C.A. No. 09-01531

RS, 2009 WL 2972374, at *4 (N.D. Cal. Sept. 14, 2009) (dismissing allegations that defendant

"'has been and is currently, directly and/or indirectly infringing, in violation of 35 U.S.C. § 271 the specified patents 'through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad" on the grounds that the allegation "plainly falls with the prohibition against '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"); *Performance Aftermarket Parts Group, Ltd. v. TI Group Auto. Sys., LLC*, C.A. No. H-05-4251, 2007 WL 2818269, at *2 (S.D. Tex. Sept. 25, 2007) (holding that a counterclaim for contributory infringement failed "to give notice to [plaintiff] that [it] is asserting a claim for contributory infringement"); *Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (granting defendants' motion to dismiss on the grounds that "Plaintiff has failed to plead any further facts beyond a bare statement of direct and indirect infringement so as to demonstrate a plausible entitlement to relief").

## III.    Ricoh's Allegations Of Indirect Infringement Fail To State A Claim

As in *Eon*, *Minkus*, and *Xpoint*, Ricoh's allegations of knowledge and intent are conclusions without factual support.  In fact, Ricoh's allegations closely track those in the complaint in the *Minkus* case (drafted by some of the same lawyers who have represented Ricoh in this case), and are similarly deficient.  The complaint states, without factual support, that Oki Data induces infringement by "intentionally causing others . . . to directly infringe" and "intentionally instructing others . . . how to use the Accused Products."  (D.I. 1 at ¶¶ 21-22, 29-30, 37-38, 45-46, 53-54).  These are nothing more than conclusory statements; they contain no factual allegations at all.  Because Ricoh's complaint sets forth no facts establishing the requisite knowledge or intent, it fails to state a claim of induced infringement under the cases cited above.

Ricoh's contributory infringement allegations are perhaps even barer, simply parroting the language of section 271(c).  (D.I. 1 at ¶¶ 23, 31, 39, 47, 55 (all stating that Oki Data knows the accused products "to be especially adapted for use in infringing the [Ricoh] Patent")).  The

complaint, like the complaints in *Xpoint* and *Minkus*, provides no factual support for this assertion of knowledge.

Ricoh's separate and equally conclusory allegation that Oki Data had "actual notice of infringement" of the Ricoh patents (D.I. 1 at ¶¶ 24, 32, 40, 48, 56) does not breathe life into its pre-filing indirect infringement claims. Furthermore, even if Ricoh's complaint constitutes notice of the Ricoh patents, it does not follow that Ricoh has adequately alleged facts establishing post-filing specific intent to induce infringement by direct infringers or knowledge that the accused products are especially made or especially adapted for use in a direct infringement of the Ricoh patents.

Ricoh has had sufficient opportunity to amend its complaint voluntarily to comply with the applicable pleading standards, but has refused to do so. Oki Data should not be forced to respond to and defend against baseless indirect infringement claims.

## CONCLUSION

For the reasons stated above, paragraphs 21-24, 29-32, 37-40, 45-48, and 53-56, which contain Ricoh's allegations of indirect infringement, should be dismissed for failure to state a claim upon which relief can be granted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Of Counsel:*

Takaaki Nagashima
Marc R. Labgold, Ph.D.
NAGASHIMA & HASHIMOTO
Hirakawa-cho KS Bldg., 2nd Floor
2-4-14 Hirakawa-cho, Chiyoda-ku
Tokyo 102-0093 Japan

Dated: October 24, 2011

John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com
*Attorneys for Oki Data Corporation
and Oki Data Americas, Inc.*

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on October 24, 2011, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon, LLP
> 1313 N. Market St., Hercules Plaza, 6th Flr.
> P.O. Box 951
> Wilmington, DE 19899-0951
> (302) 984-6000
> *rhorwitz@potteranderson.com*
> *dmoore@potteranderson.com*

I further certify that on October 24, 2011, I caused a copy of the foregoing document to be served by email on the above-listed counsel and on the following:

> John Allcock, Esquire
> Sean C. Cunningham, Esquire
> Edward H. Sikorski, Esquire
> Stanley J. Panikowski, Esquire
> DLA Piper LLP
> 401 B Street, Suite 1700
> San Diego, CA 92101-4297
> *john.allcock@dlapiper.com*
> *sean.cunningham@dlapiper.com*
> *ed.sikorski@dlapiper.com*
> *stanley.panikowski@dlapiper.com*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ John W. Shaw
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
Andrew E. Russell (No. 5382)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Oki Data Corporation
and Oki Data Americas, Inc.*

YCST01: 8983078.1                                                                                               069002.1002