IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD. and<br>RICOH AMERICAS CORPORATION, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 09-695-SLR |
| | ) | |
| OKI DATA CORPORATION and<br>OKI DATA AMERICAS, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |

## OKI DATA CORPORATION'S AND OKI DATA AMERICAS, INC.'S ANSWER AND COUNTERCLAIMS

Defendants Oki Data Corporation and Oki Data Americas, Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint of Ricoh Company, Ltd. and Ricoh Americas Corporation (collectively, "Plaintiffs"). Defendants demand a jury trial on all issues so triable.

1.    Defendants admit that Plaintiffs purport to assert a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Defendants admit that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2.    Denied.

3.    Defendants admit that this Court has personal jurisdiction over Oki Data Americas, Inc. by virtue of its incorporation in Delaware. Oki Data Corporation consents to personal jurisdiction for the limited purpose of this lawsuit only. Defendants deny the remaining allegations of ¶ 3 of the Complaint.

4.      Upon information and belief, Defendants admit that Ricoh Company, Ltd. is a Japanese corporation with its principal place of business in Tokyo, Japan.

5.      Upon information and belief, Defendants admit that Ricoh Americas Corporation is a corporation incorporated and existing under the laws of the State of Delaware.

6.      Defendants admit that Oki Data Corporation is a corporation organized under the laws of Japan with its principal place of business in Tokyo, Japan.  Defendants deny the remaining allegations of ¶ 6 of the Complaint.

7.      Defendants admit that Oki Data Americas, Inc. is a corporation organized and existing under the laws of the State of Delaware.  Defendants admit that this Court has personal jurisdiction over Oki Data Americas, Inc. by virtue of its incorporation in Delaware.  Defendants deny the remaining allegations of ¶ 7 of the Complaint.

8.      Denied.

9.      Defendant Oki Data Corporation admits that it is a global supplier of printing and imaging devices for home and business use and that it markets and sells its products through its retail business partners and through various retail companies.  Defendant Oki Data Americas, Inc. admits that it is a supplier of printing and imaging devices for home and business use in North, Central and South America, and that it markets and sells its products in North, Central and South America through its retail business partners and through various retail companies as well as through its own website.  Defendants deny the remaining allegations of ¶ 9 of the Complaint.

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny the allegations of ¶ 10 of the Complaint.

11.     Defendant Oki Data Americas, Inc. admits that it sells and offers for sale in the United States various printing and imaging devices, including multifunction printers and

components thereof.  Defendant Oki Data Corporation admits that certain of its printing and imaging devices are imported by Oki Data Americas, Inc. into the United States.  Defendants deny the remaining allegations of ¶ 11 of the Complaint.

12.     Defendants admit that on June 9, 1998, the U.S. Patent and Trademark Office issued U.S. Patent No. 5,764,866 ("the '866 patent"), entitled "Scanner, Network Scanner System, and Method for Network Scanner System."  Defendants admit that attached to the Complaint is what appears to be a copy of the '866 patent.  Defendants deny that the '866 patent was duly and legally issued and deny the remaining allegations of ¶ 12 of the Complaint.

13.     Defendants admit that on May 14, 2002, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,388,771 ("the '771 patent"), entitled "Image Input Device for Sending Image Data Together with Information Indicating Contents of Desired Operation to be Performed on the Image Data."  Defendants admit that attached to the Complaint is what appears to be a copy of the '771 patent.  Defendants deny that the '771 patent was duly and legally issued and deny the remaining allegations of ¶ 13 of the Complaint.

14.     Defendants admit that on March 27, 2001, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,209,048 ("the '048 patent"), entitled "Peripheral with Integrated HTTP Server for Remote Access Using URL's."  Defendants admit that attached to the Complaint is what appears to be a copy of the '048 patent.  Defendants deny that the '048 patent was duly and legally issued and deny the remaining allegations of ¶ 14 of the Complaint.

15.     Defendants admit that on April 3, 2001, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,212,343 ("the '343 patent"), entitled "Developing Device, Process Cartridge and Image Forming Apparatus that Prevent Toner Leakage."  Defendants admit that attached to the Complaint is what appears to be a copy of the '343 patent.  Defendants deny that

3

the '343 patent was duly and legally issued and deny the remaining allegations of ¶ 15 of the Complaint.

16.    Defendants admit that on January 26, 1999, the U.S. Patent and Trademark Office issued U.S. Patent No. 5,863,690 ("the '690 patent"), entitled "Toner Image Fixing Method." Defendants admit that attached to the Complaint is what appears to be a copy of the '690 patent. Defendants deny that the '690 patent was duly and legally issued and deny the remaining allegations of ¶ 16 of the Complaint.

17.    Defendants admit that Ricoh Company, Ltd. is listed as an assignee on the face of the '866 patent, the '771 patent, the '048 patent, the '343 patent, and the '690 patent. Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations, and therefore deny the remaining allegations of ¶ 17 of the Complaint.

18.    Defendants admit that Ricoh Company, Ltd. and Oki Data Corporation entered into a patent cross-license agreement in 2001, the terms of which were confidential. Defendants admit that following the expiration of the aforementioned 2001 agreement, Ricoh Company, Ltd. and Oki Data Corporation began negotiating the terms of a new cross-license agreement in 2006. Defendants deny the remaining allegations of ¶ 18 of the Complaint.

19.    Defendants re-state and incorporate by reference paragraphs 1 through 18 above.

20.    Denied.

21.    This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

22.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

23.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

24.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

25.     Denied.

26.     Denied.

27.     Defendants re-state and incorporate by reference paragraphs 1 through 26 above.

28.     Denied.

29.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

30.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

31.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

YCST01:11421993.1                                                                                      069002.1002


32. This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

33. Denied.

34. Denied.

35. Defendants re-state and incorporate by reference paragraphs 1 through 34 above.

36. Denied.

37. This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

38. This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

39. This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

40. This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

41. Denied.

42. Denied.

43. Defendants re-state and incorporate by reference paragraphs 1 through 42 above.

44. Denied.

45.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

46.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

47.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

48.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

49.     Denied.

50.     Denied.

51.     Defendants re-state and incorporate by reference paragraphs 1 through 50 above.

52.     Denied.

53.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

54.     This paragraph of the Complaint fails to state a claim upon which relief can be granted. The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

7

55.   This paragraph of the Complaint fails to state a claim upon which relief can be granted.  The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

56.   This paragraph of the Complaint fails to state a claim upon which relief can be granted.  The grounds for this defense are fully set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and supporting brief, filed contemporaneously with this Answer.

57.   Denied.

58.   Denied.

Defendants deny the remaining allegations, if any, in Plaintiffs' "Prayer for Relief," to the extent a response is required by law.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Defendants assert the following defenses, undertaking the burden of proof on such defenses only to the extent required by law.  Defendants reserve their right to amend their Answer with additional defenses as more information is obtained.

## FIRST DEFENSE

With respect to each purported claim for relief alleged in the Complaint, Plaintiffs fail to state a claim against Defendants upon which relief may be granted.

## SECOND DEFENSE

Defendants have not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '866 patent, the '771 patent, the '048 patent, the '343 patent, and/or the '690 patent (collectively, "the Ricoh Patents"), and Defendants are not liable for infringement thereof.

8

## THIRD DEFENSE

On information and belief, one or more claims of the Ricoh Patents are invalid for failing to comply with the provisions of the patent laws of the United States, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

## FOURTH DEFENSE

One or both Plaintiffs lack standing to assert the rights on which relief is requested.

## FIFTH DEFENSE

Plaintiffs are not entitled to injunctive relief because any injury to them is not immediate or irreparable, and Plaintiffs have an adequate remedy at law for any claims they are able to prove.

## SIXTH DEFENSE

Plaintiffs' recovery (if any) for alleged infringement of the Ricoh Patents is limited to any alleged infringement committed no more than six years prior to the filing of Plaintiffs' Complaint, pursuant to 35 U.S.C. § 286.

## SEVENTH DEFENSE

For at least some period of time, Defendants held an express and/or implied license to practice the alleged inventions of one or more of the Ricoh Patents.

## EIGHTH DEFENSE

The Ricoh Patents are legally and equitably barred due to wrongful assertion of one or more Ricoh patents despite objective knowledge that the patents are invalid or otherwise unenforceable.

## NINTH DEFENSE

Plaintiffs' claims are barred by equitable estoppel.

YCST01:11421993.1 069002.1002

## COUNTERCLAIMS

Oki Data Corporation ("ODC") and Oki Data Americas, Inc. ("ODA") (collectively, "Counter-Plaintiffs") hereby assert the following counterclaims against Ricoh Company, Ltd. and Ricoh Americas Corporation (collectively, "Counter-Defendants"). Counter-Plaintiffs demand a jury trial on all issues so triable.

1.      ODC is a corporation organized and existing under the laws of Japan with its headquarters at 4-11-22, Shibaura, Minato-ku, Tokyo 108-8551, Japan.

2.      ODA is a corporation organized and existing under the laws of the State of Delaware with its headquarters at 2000 Bishops Gate Boulevard, Mount Laurel, New Jersey 08054.

3.      Upon information and belief, Ricoh Company, Ltd. is a corporation organized and existing under the laws of Japan with its headquarters at 8-13-1 Ginza, Chuo-ku, Tokyo 104-8222, Japan.

4.      Upon information and belief, Ricoh Americas Corporation is a corporation incorporated and existing under the laws of the State of Delaware with its headquarters at 5 Dedrick Place, West Caldwell, New Jersey 07006.

5.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and this Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 1367(a), and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

6.      With respect to the declaratory relief sought by these counterclaims, there is a substantial controversy between Counter-Plaintiffs and Counter-Defendants, of sufficient

immediacy and reality to warrant the issuance of a judgment declaring the rights and other legal

relations of the parties and awarding other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     This Court has personal jurisdiction over Counter-Defendants at least because

they have submitted to the jurisdiction of this Court by the filing of this patent infringement

action.

8.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

<div align="center">

**FIRST COUNTERCLAIM**
**DECLARATION OF INVALIDITY**
**AND NON-INFRINGEMENT OF U.S. PATENT NO. 5,764,866**

</div>

9.     Counter-plaintiffs ODC and ODA re-state and incorporate by reference

paragraphs 1 through 8 above.

10.    U.S. Patent No. 5,764,866 ("the '866 patent"), entitled "Scanner, Network

Scanner System, and Method for Network Scanner System," was issued by the U.S. Patent and

Trademark Office on June 9, 1998.

11.    In this lawsuit, Counter-Defendants claim that Counter-Plaintiffs infringe the '866

patent.

12.    Counter-Plaintiffs have not infringed any valid claim of the '866 patent, and

Counter-Plaintiffs are not liable for infringement thereof.

13.    On information and belief, the claims of the '866 patent are invalid for failing to

comply with the provisions of the patent laws of the United States, including without limitation

one or more of 35 U.S.C. §§ 102, 103 and 112.

<div align="center">

**SECOND COUNTERCLAIM**
**DECLARATION OF INVALIDITY**
**AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,388,771**

</div>

14.    Counter-Plaintiffs ODC and ODA re-state and incorporate by reference

paragraphs 1 through 13 above.

<div align="center">11</div>

15.     U.S. Patent No. 6,388,771 ("the '771 patent"), entitled "Image Input Device for Sending Image Data Together with Information Indicating Contents of Desired Operation to Be Performed on the Image Data," was issued by the U.S. Patent and Trademark Office on May 14, 2002.

16.     In this lawsuit, Counter-Defendants claim that Counter-Plaintiffs infringe the '771 patent.

17.     Counter-Plaintiffs have not infringed any valid claim of the '771 patent, and Counter-Plaintiffs are not liable for infringement thereof.

18.     On information and belief, the claims of the '771 patent are invalid for failing to comply with the provisions of the patent laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103 and 112.

### THIRD COUNTERCLAIM
### DECLARATION OF INVALIDITY
### AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,209,048

19.     Counter-Plaintiffs ODC and ODA re-state and incorporate by reference paragraphs 1 through 18 above.

20.     U.S. Patent No. 6,209,048 ("the '048 patent"), entitled "Peripheral with Integrated HTTP Server for Remote Access Using URL's," was issued by the U.S. Patent and Trademark Office on March 27, 2001.

21.     In this lawsuit, Counter-Defendants claim that Counter-Plaintiffs infringe the '048 patent.

22.     Counter-Plaintiffs have not infringed any valid claim of the '048 patent, and Counter-Plaintiffs are not liable for infringement thereof.

069002.1002

23.     On information and belief, the claims of the '048 patent are invalid for failing to comply with the provisions of the patent laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103 and 112.

## FOURTH COUNTERCLAIM
## DECLARATION OF INVALIDITY
## AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,212,343

24.     Counter-Plaintiffs ODC and ODA re-state and incorporate by reference paragraphs 1 through 23 above.

25.     U.S. Patent No. 6,212,343 ("the '343 patent"), entitled "Developing Device, Process Cartridge and Image Forming Apparatus That Prevent Toner Leakage," was issued by the U.S. Patent and Trademark Office on April 3, 2001.

26.     In this lawsuit, Counter-Defendants claim that Counter-Plaintiffs infringe the '343 patent.

27.     Counter-Plaintiffs have not infringed any valid claim of the '343 patent, and Counter-Plaintiffs are not liable for infringement thereof.

28.     On information and belief, the claims of the '343 patent are invalid for failing to comply with the provisions of the patent laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103 and 112.

## FIFTH COUNTERCLAIM
## DECLARATION OF INVALIDITY
## AND NON-INFRINGEMENT OF U.S. PATENT NO. 5,863,690

29.     Counter-Plaintiffs ODC and ODA re-state and incorporate by reference paragraphs 1 through 28 above.

30.     U.S. Patent No. 5,863,690 ("the '690 patent"), entitled "Toner Image Fixing Method," was issued by the U.S. Patent and Trademark Office on Jan. 26, 1999.

YCST01:11421993.1                                                                                      069002.1002

31.     In this lawsuit, Counter-Defendants claim that Counter-plaintiffs infringe the '690 patent.

32.     Counter-Plaintiffs have not infringed any valid claim of the '690 patent, and Counter-Plaintiffs are not liable for infringement thereof.

33.     On information and belief, the claims of the '690 patent are invalid for failing to comply with the provisions of the patent laws of the United States, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

## SIXTH COUNTERCLAIM
## INFRINGEMENT OF U.S. PATENT NO. 7,862,033

34.     Counter-Plaintiff ODC re-states and incorporates by reference paragraphs 1 through 33 above.

35.     U.S. Patent No. 7,862,033 ("the '033 Patent"), entitled "Paper Feeding Cassette and Paper Feeding Device," was issued by the U.S. Patent and Trademark Office on January 4, 2011.  A copy of the '033 Patent is attached hereto as Exhibit A.

36.     ODC is the assignee of all right, title and interest in the '033 Patent, including but not limited to the right to assert claims for infringement.

37.     Counter-Defendants have infringed and continue to infringe one or more claims of the '033 Patent literally and/or under the doctrine of equivalents.

38.     Counter-Defendants' infringing acts include the manufacture, use, offer for sale, sale, and importation into the United States of printing devices and printer components, including but not limited to the Ricoh Aficio SP C311.

39.     On information and belief, Counter-Defendants had actual notice of the '033 Patent prior to the filing of these counterclaims.

14

40.     Counter-Defendants' infringement of the '033 Patent has caused and continues to cause irreparable injury to ODC, and has damaged ODC.

## SEVENTH COUNTERCLAIM
### INFRINGEMENT OF U.S. PATENT NO. 6,926,269

41.     Counter-Plaintiff ODC re-states and incorporates by reference paragraphs 1 through 41 above.

42.     U.S. Patent No. 6,926,269 ("the '269 Patent"), entitled "Paper Cassette and Paper Feeding Apparatus," was issued by the U.S. Patent and Trademark Office on August 9, 2005.  A copy of the '269 Patent is attached hereto as Exhibit B.

43.     ODC is the assignee of all right, title and interest in the '269 Patent, including but not limited to the right to assert claims for infringement.

44.     Counter-Defendants have infringed and continue to infringe one or more claims of the '269 Patent directly literally and/or under the doctrine of equivalents.

45.     Counter-Defendants' infringing acts include the manufacture, use, offer for sale, sale, and importation into the United States of printing devices and printer components, including but not limited to the Ricoh Aficio SP C311.

46.     Counter-Defendants had actual notice of the '269 Patent prior to the filing of these counterclaims.

47.     Counter-Defendants' infringement of the '269 Patent has caused and continues to cause irreparable injury to ODC, and has damaged ODC.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counter-Plaintiffs Oki Data Corporation and Oki Data Americas, Inc. respectfully request that the Court enter judgment:

a.     declaring that the '866 patent is invalid;

b.      declaring that the '866 patent is not and has not been infringed by Defendants Oki Data Corporation and Oki Data Americas, Inc.;

c.      declaring that the '771 patent is invalid;

d.      declaring that the '771 patent is not and has not been infringed by Defendants Oki Data Corporation and Oki Data Americas, Inc.;

e.      declaring that the '048 patent is invalid;

f.      declaring that the '048 patent is not and has not been infringed by Defendants Oki Data Corporation and Oki Data Americas, Inc.;

g.      declaring that the '343 patent is invalid;

h.      declaring that the '343 patent is not and has not been infringed by Defendants Oki Data Corporation and Oki Data Americas, Inc.;

i.      declaring that the '690 patent is invalid;

j.      declaring that the '690 patent is not and has not been infringed by Defendants Oki Data Corporation and Oki Data Americas, Inc.;

k.      declaring that the '033 patent has been and continues to be infringed by Counter-Defendants Ricoh Company, Ltd. and Ricoh Americas Corporation;

l.      declaring that the '269 patent has been and continues to be infringed by Counter-Defendants Ricoh Company, Ltd. and Ricoh Americas Corporation;

m.      permanently enjoining Counter-Defendants Ricoh Company, Ltd. and Ricoh Americas Corporation from continuing their infringing activity;

n.      awarding Counter-Plaintiff Oki Data Corporation damages under 35 U.S.C. § 284 adequate to compensate for the infringement of Counter-Defendants Ricoh Company, Ltd. and

YCST01:11421993.1                                                      069002.1002

Ricoh Americas Corporation, including but not limited to lost profits damages and/or reasonable royalty damages;

o.       awarding Counter-Plaintiff Oki Data Corporation treble damages under 35 U.S.C. § 284;

p.       awarding Counter-Plaintiff Oki Data Corporation pre-judgment and post-judgment interest on any damage award;

q.       awarding Counter-Plaintiffs Oki Data Corporation and Oki Data Americas, Inc. their attorneys' fees on the grounds that this is an exceptional case under 35 U.S.C. § 285;

r.       awarding Counter-Plaintiffs Oki Data Corporation and Oki Data Americas, Inc. their costs;

s.       awarding Counter-Plaintiffs Oki Data Corporation and Oki Data Americas, Inc. any and all other relief to which they are entitled and which the Court deems just and proper.

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

*Of Counsel:*                              John W. Shaw (No. 3362)
Takaaki Nagashima                          Jeffrey T. Castellano (No. 4837)
Marc R. Labgold, Ph.D.                     The Brandywine Building, 17th Floor
NAGASHIMA & HASHIMOTO                       1000 West Street
Hirakawa-cho KS Bldg., 2nd Floor           Wilmington, DE 19801
2-4-14 Hirakawa-cho, Chiyoda-ku            (302) 571-6600
Tokyo 102-0093 Japan                       *jshaw@ycst.com*

*Attorneys for Oki Data Corporation
and Oki Data Americas, Inc.*

Dated: October 24, 2011

17

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on October 24, 2011, I caused to be
electronically filed a copy of the foregoing document with the Clerk of the Court using
CM/ECF, which will send notification that such filing is available for viewing and
downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon, LLP
> 1313 N. Market St., Hercules Plaza, 6th Flr.
> P.O. Box 951
> Wilmington, DE 19899-0951
> (302) 984-6000
> *rhorwitz@potteranderson.com*
> *dmoore@potteranderson.com*

I further certify that on October 24, 2011, I caused a copy of the foregoing
document to be served by email on the above-listed counsel and on the following:

> John Allcock, Esquire
> Sean C. Cunningham, Esquire
> Edward H. Sikorski, Esquire
> Stanley J. Panikowski, Esquire
> DLA Piper LLP
> 401 B Street, Suite 1700
> San Diego, CA  92101-4297
> *john.allcock@dlapiper.com*
> *sean.cunningham@dlapiper.com*
> *ed.sikorski@dlapiper.com*
> *stanley.panikowski@dlapiper.com*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *John W. Shaw*
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
Andrew E. Russell (No. 5382)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Oki Data Corporation*
*and Oki Data Americas, Inc.*